**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br> **v.** <br> **ELIJAH HAKIM,** <br> **Defendant.** | **Case No. 3:21-cr-0026** |

**ORDER**

**BEFORE THE COURT** is Defendant's August 18, 2022 Motion in Limine, seeking "an order excluding any and all evidence, references to evidence, testimony or argument relating to the video surveillance obtained from the United States Post Office in Atlanta, GA, [and] any packages mailed that were not intercepted." (ECF No. 73). Defendant argues that such evidence is not relevant to any material issue in this action in which Defendant is charged with conspiracy to possess with intent to distribute fentanyl and possession with intent to distribute fentanyl, because the video surveillance does not show Defendant and the packages that are not intercepted are irrelevant and would create undue prejudice to Defendant, as contemplated by Fed. R. Evid. 403. Moreover, the Government failed to give notice of its intent to use the evidence subject to this motion, as required by Fed. R. Evid. 404(b). On September 26, 2022, Defendant filed an Amended Motion in Limine. (ECF No. 90.) The Government did not oppose the Defendant's motions.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To be admissible under Rule 404(b), then, evidence of uncharged crimes or wrongs must have a proper evidentiary purpose. 'A proper purpose is one that is probative of a material issue other than character.'" *United States v. Bergrin*, 682 F.3d 261, 278 (3d Cir. 2012) (quotation marks and citation

omitted). "In a criminal case, the prosecutor must: (A) provide reasonable notice of any [other crime, wrong, or act] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3).

The Government had an opportunity, but failed to oppose the Defendant's motions, waiving any arguments in connection with them. *Confer v. Custom Eng'g Co.,* 952 F.2d 41, 44 (3d Cir. 1991) (Where a party "had ample opportunity to make . . . arguments and failed to do so adequately[,] [t]he district court exercised sound discretion when it refused to consider arguments that, in effect, had been waived."). As a result of the Government's failure to response to the motions, the Court has no basis upon which to make a determination of relevancy, a proper evidentiary purpose or to perform a balancing test pursuant to Federal Rule of Evidence 403. Although the Defendant's motions cannot be decided on the merits, granting them is warranted based on the Government's failure to provide timely Rule 404(b) notice of its intent to introduce evidence subject to the instant motions. For the foregoing reasons, it is

**ORDERED** that Defendant's Motions in Limine, ECF No. 73 and ECF No. 90, are GRANTED.

**Date:** October 14, 2022

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**